UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SOLARIO,<br><br>                Plaintiff,<br><br>            v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>                Defendant. | No.  CV 04-4016-PJW<br><br>MEMORANDUM OPINION AND ORDER |

I.

INTRODUCTION

After Defendant Social Security Administration (the "Agency") denied his application for supplemental security income ("SSI") benefits, Plaintiff appealed the Agency's decision to this Court. The Court reversed and remanded the case to the Agency for further proceedings. On remand, the Administrative Law Judge ("ALJ") held a second hearing and, thereafter, denied Plaintiff's application a second time. The Appeals Council affirmed the decision and Plaintiff filed this action seeking to overturn the ALJ's decision. Plaintiff contends the ALJ erred by refusing to let his counsel cross-examine the vocational expert. The Agency denies it was error and argues

1  that, even if it was, because substantial evidence supports the ALJ's
2  decision the decision should be affirmed.  The Court concludes that
3  the ALJ erred by refusing to allow Plaintiff's counsel to cross-
4  examine the vocational expert and then relying on the vocational
5  expert's opinion to deny Plaintiff benefits.  For that reason, the
6  decision is reversed and the case is remanded for further proceedings.

## II.

## SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was born in 1953 and was 48 years old at the time of the second administrative hearing in this case.  (Administrative Record ("AR") 367.)  He has a ninth or tenth grade education, but attended solely special education classes.  (AR 368.)  He has prior work experience unloading trucks (1984-87), driving a bus (1989-93), and auto detailing (1995-96).  (AR 368-73.)  Plaintiff testified that he is unable to perform most household chores because of a bad back. (AR 374.)

In 1997, Plaintiff filed for SSI, alleging an inability to work as of July 1, 1996, due to arthritis.  The application was denied initially and on reconsideration.  Thereafter, Plaintiff sought and obtained a hearing before an ALJ, which was granted.  In October 1998, the ALJ held a hearing.  (AR 37-60.)  Plaintiff failed to appear at the hearing, but his lawyer appeared and the hearing proceeded without Plaintiff.  (AR 39-40.)  The ALJ took testimony from a non-examining medical expert and a vocational expert.  (AR 41-60.)

In November 1998, the ALJ issued a decision in which he ultimately concluded that Plaintiff was not disabled.  (AR 13-20.) Plaintiff appealed the ALJ's decision.  The Appeals Council affirmed the decision.  He then appealed to the district court, which reversed

the decision and remanded the case to the Agency for another hearing. (AR 293-30.) The district court determined that the ALJ had erred in his decision on several key points, including:

    1.    The ALJ found that Plaintiff had appeared and testified at the administrative hearing, and the medical expert who testified had considered Plaintiff's testimony. In fact, Plaintiff had not appeared at the hearing, had not testified, and the medical expert had not considered his testimony.

    2.    The ALJ's finding regarding Plaintiff's residual functional capacity as it related to Plaintiff's mental functioning was incorrect.

(AR 301-02.)

In remanding the case to the Agency, the district court instructed the ALJ:

> Upon remand, the ALJ should consider anew whether Plaintiff's impairment meets listing 12.05 taking into consideration the findings of the work evaluation report. If the ALJ finds that Plaintiff's impairment does not meet [listing] 12.05, then the ALJ should make a residual functional capacity assessment and call again upon the services of a vocational expert.

(AR 302-03.)

On remand, the ALJ held a second hearing. (AR 362-95.) This time, Plaintiff appeared, with new counsel, and testified at length. (AR 367-92.) No other witnesses were called. At the end of the hearing, Plaintiff's counsel asked to make a short closing argument. (AR 392-95.) The ALJ told Plaintiff's counsel that additional

1 evidence might be necessary and suggested to counsel that he should
2 wait until the ALJ determined whether there would be additional
3 evidence before making a closing argument. (AR 392-95.) The ALJ
4 assured Plaintiff's counsel that he would give counsel adequate notice
5 that the evidence was closed so that Plaintiff's counsel would have
6 enough time to submit a written closing argument. (AR 394.)
7 Thereafter, the administrative hearing was adjourned.
8     In September 2002, the ALJ determined that he needed the
9 testimony of a vocational expert to assist him in rendering a
10 decision. (AR 341-50.) The ALJ elected to obtain this evidence
11 through written interrogatories to vocational expert Rheta Baron King.
12 (AR 344.) Ms. King was the same vocational expert who had testified
13 in Plaintiff's first administrative hearing. (AR 53.) The ALJ
14 informed Plaintiff's counsel by letter that testimony from the
15 vocational expert would be in the form of written responses to
16 interrogatories. The letter provided that Plaintiff's counsel could:
17     1.   Object to any of the interrogatories,
18     2.   Propose other interrogatories, or
19     3.   Object to the ALJ obtaining this information.
20 (AR 341.)
21     Plaintiff's counsel objected to this procedure and requested that
22 the ALJ hold a supplemental hearing to allow Ms. King to testify in
23 person and allow Plaintiff's counsel to cross-examine her. (AR 321.)
24 The ALJ did not respond. On October 25, 2002, after receiving Ms.
25 King's responses to the interrogatories, Plaintiff's counsel submitted
26 a second letter objecting to the ALJ's procedure. (Exh. 1 to
27
28

Plaintiff's Summary Judgment Motion.)[1]  Again, the ALJ did not respond.

More than six months later, on April 23, 2003, the ALJ issued his second decision in this case, again finding that Plaintiff was not disabled. (AR 239-46.)  In the decision, the ALJ overruled Plaintiff's objections to obtaining the vocational expert's testimony through written interrogatories.  (AR 239.)  As to Ms. King's opinion contained in her responses to the interrogatories, the ALJ noted:

> Ms. King opined that a person of claimant's age with his residual functional capacity and vocational profile could perform a substantial number of jobs in the economy.  These jobs include hand packager, D.O.T. No. 920.587-018, which is unskilled, medium work, with an SVP of two, with 30,000 jobs available locally and 900,000 nationally.  He could also perform the job of stores laborer, D.O.T. No. 922.687-058, which is unskilled, medium work, with an SVP of two, with 4,000 jobs available locally, and 120,000 nationally.  Also available is the job of kitchen helper, D.O.T. No. 318.687-010, which is unskilled, medium work, with an SVP of two, with 10,000 jobs available locally, and 300,000 nationally.  I accept the testimony of Ms. King and relying on the Medical-Vocational Guidelines, I find that jobs exist in significant numbers in the local and national economies that the claimant remains capable of performing.

(AR 245.)

---

[1] This second letter did not make it into the administrative record.

Plaintiff appealed the ALJ's decision, but the Appeals Council affirmed the decision.  Plaintiff then filed this suit seeking to overturn the ALJ's decision.

## III.

## ANALYSIS

A. <u>Standard of Review</u>

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error.  *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).)  It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ.  *See*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the ALJ committed error but the error was harmless, reversal is not required. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(applying the harmless error standard).

B.  <u>The ALJ's Refusal to Allow Plaintiff's Counsel to Cross-Examine the Vocational Expert Mandates Reversal of the ALJ's Decision and Remand For Further Proceedings</u>

Plaintiff contends that the ALJ violated his right to due process by precluding his counsel from cross-examining the vocational expert. The government argues that cross-examination was not required and that, even if it was, Plaintiff has not shown any prejudice because the ALJ's decision is supported by substantial evidence.  The Court concludes that in the context of this case the ALJ erred by denying Plaintiff's counsel an opportunity to cross-examine the vocational expert and, therefore, the case is remanded for further proceedings.

Due process applies to social security hearings.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Though ALJs are not required to follow the strictures of a courtroom trial, they are required to ensure that the proceedings are fair.  *Id*. at 400-01.

ALJs are entrusted with the authority to regulate the procedure in administrative hearings.  With this power comes the discretion to determine the conduct of the proceedings, including the extent of cross-examination.  *Solis v. Schweilier*, 719 F.2d 301, 302 (9th Cir. 1983).  This discretion is not unlimited, however.  An ALJ cannot completely preclude cross-examination of a witness whose testimony is "crucial to the ALJ's decision       . . . ."  *Id*. at 302.  Denying a claimant the right to cross-examine an expert which the ALJ clearly

relies on in making his determination is an abuse of discretion. *Bradley v. Barnhart*, 2002 WL 523584, at *6 (N.D. Cal. 2002).

With this back-drop, there is only one conclusion to be reached here: the ALJ abused his discretion when he denied Plaintiff's counsel's request to cross-examine the vocational expert and then relied on the expert's opinion in reaching his decision. Plaintiff was denied the opportunity to challenge the vocational expert's views, yet, the vocational expert's views foreclosed Plaintiff's chances of obtaining benefits. This was not fair and remand is necessary to correct the error.

The government, citing *Solis*, argues that the ALJ had the discretion to decide whether cross-examination was warranted and implies that the ALJ properly exercised that discretion in this case. (Defendant's Brief at 6.) Though, as a general proposition, an ALJ does have discretion to limit or preclude cross-examination, a close reading of *Solis* undercuts the government's arguments that precluding cross-examination was proper here.

In *Solis*, the ALJ enlisted the services of a medical expert to resolve what the ALJ concluded was a conflict between the five medical experts already involved in the case. *Solis*, 719 F.2d at 301-02. The medical expert examined the claimant, concluded he was not disabled, and submitted a report to the ALJ to that effect. *Id*. The claimant's counsel objected to the report and requested an opportunity to cross-examine the expert, but the ALJ denied that request. *Id*. at 302. He offered instead to allow counsel to submit interrogatories to the expert. *Id*. The ALJ later issued a decision finding the claimant was not disabled, based in part on the expert's testimony. *Id*. at 302.

The claimant appealed. The Ninth Circuit reversed the ALJ, holding that the ALJ had abused his discretion in denying counsel's request to cross-examine the expert who had authored a "crucial" report, which the ALJ relied on in reaching his decision. *Id*.

This is precisely the case here. The ALJ denied counsel's request to cross-examine the vocational expert, offering counsel a chance to use interrogatories, instead, and then relied on the expert in reaching his conclusion that Plaintiff could work.[2] *Solis* mandates reversal.

The government argues that there was no harm because the ALJ's decision is supported by substantial evidence. (Defendant's Brief at 4-5.) The Court disagrees. First, the record before the Court includes only the unchallenged statements of the vocational expert. Neither the government nor the Court can guess what the record would have looked like had Plaintiff been afforded due process and been able to challenge the vocational expert's opinions at the hearing. Second, the procedure followed by the ALJ instills doubt as to whether the "substantial evidence" that supported the ALJ's decision should be accepted at face value. The district court remanded this case to the ALJ because the ALJ had made some very obvious and fundamental errors

---

[2] The Court notes that because the ALJ concluded that Plaintiff suffered from severe, non-exertional limitations, *i.e.*, a cognitive disorder of unclear etiology and pain in the lower back and neck (AR 240, 245), he was required to consult a vocational expert and could not simply rely on the Medical-Vocational Guidelines or "Grids." *See Holohan v. Massanari*, 246 F.3d 1195, 1208-09 (9th Cir. 2001)(holding ALJ erred in relying solely on the Grids where Plaintiff suffered from depression, a non-exertional limitation); *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998)(explaining ALJ may not rely exclusively on the Grids where Plaintiff suffers from non-exertional limitations and must, instead, call a vocational expert to testify).

in his first decision. These included a finding that Plaintiff had testified and was incredible when, in fact, he had not even attended the hearing. The district court specifically instructed the ALJ to consult a vocational expert if the ALJ concluded that Plaintiff had the residual functional capacity necessary for work. In spite of this instruction, the ALJ inexplicably did not have a vocational expert attend the hearing. Rather, he employed a novel approach--not seen by this judge in the over 100 social security cases I have decided in the last four years--of sending interrogatories to the vocational expert. This was done in the face of Plaintiff's objections to the procedure. The ALJ seemed to justify this process--and his overruling of counsel's objections--on the ground that the same vocational expert had testified in the earlier administrative hearing and Plaintiff had stipulated to her qualifications at that time. Overlooked by the ALJ is the fact that Plaintiff was not at the earlier hearing, nor was his current lawyer. Plaintiff was represented by a different lawyer at that hearing who cross-examined the vocational expert about her opinions. (AR 37-40.) In addition, Plaintiff is not challenging the vocational expert's credentials; he is challenging the vocational expert's conclusions. Further, there appears to be no explanation why this unique interrogatory procedure was used in the second hearing.[3]

The Court also notes that at the end of the second administrative hearing the ALJ assured Plaintiff's counsel that he would inform

---

[3] The Court has not overlooked the fact that the ALJ invited Plaintiff's counsel to submit interrogatories to the vocational expert in lieu of cross-examination. (AR 340.) But, as the Ninth Circuit held in *Solis*, interrogatories are only adequate to explore factual challenges to foundation or expertise. *Solis*, 719 F.2d at 302. They do not suffice where, as here, Plaintiff's counsel seeks to challenge the vocational expert's opinions and the bases for them.

counsel when the record was closed and allow counsel to submit a closing argument. The ALJ never told counsel the record was closed, however, and did not allow him to submit a closing argument. This, too, smacks of unfairness. The Court is not saying that an ALJ is required to permit counsel to submit closing arguments, whether orally or in writing. The Court is saying, however, that when an ALJ tells the claimant and his counsel that he will inform them when the record is closed so that they can submit a written closing argument that he is obligated to do so.

For all these reasons, the Court finds that the ALJ abused his discretion when he denied counsel's request to cross-examine a crucial expert witness to these proceedings and then relied on that expert witness's opinion to deny Plaintiff's claim for benefits. For this reason, the decision is reversed and the case is remanded.

C.   The Questions to the Vocational Expert

Plaintiff also challenges the adequacy of the hypothetical questions posed to the vocational expert. He seeks remand to allow for additional hypotheticals. The Court need not resolve this issue in light of its ruling here. The case is being remanded for a new hearing in which Plaintiff's counsel will be present and will be able to question the vocational expert. Further, as the Court understands the Agency's practice, a new ALJ will be assigned to this case because it is the second time the case has been reversed and remanded. *See* HALLEX 1-2-155. Presumably, the new ALJ will start over in the next administrative hearing and give Plaintiff and his counsel a fair opportunity to present hypothetical questions to the vocational expert. The Court will leave to the new ALJ the manner in which the

administrative hearing is conducted.  The only requirement that the Court imposes is that the process comport with due process.

## IV.
## CONCLUSION

For the reasons set forth above, the Agency's decision denying Plaintiff's disability claim is reversed and the case is remanded to the Agency for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED:     August   31   , 2005.

/s/
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SOLARIO\Memo_Opinion.wpd